[No. 6158.]

THE CITY AND COUNTY OF DENVER v. KEELER.

1. **Statutes Construed**—The statute (Laws 1893, ch. 78, art. vii, sec. 60) authorized the city of Denver to purchase at the public sale any lots sold for the nonpayment of a special assessment. Another section (32) declared that all assessments made pursuant thereto, i. e., special assessments for local improvements, should be a lien, etc., and "have priority over all other liens excepting general taxes." Held, that the sale of a lot for unpaid general taxes obliterated a prior lien for an unpaid special assessment.—(56-58)

2. **Quieting Title—When the Suit Lies**—Purchaser of lands at tax sale, having obtained the treasurer's deed, may maintain a bill against one holding a certificate of the sale of the same premises for the nonpayment of a special tax, which was invalidated by the sale for the general tax.—(58)

*Appeal from Denver District Court* — Hon.
BOOTH M. MALONE, Judge.

Mr. HENRY A. LINDSLEY, city attorney, and Mr.
F. W. SANBORN, assistant city attorney, for appellant.

Mr. F. A. WILLIAMS, for appellee.

Mr. JUSTICE WHITE delivered the opinion of the
court:

Walter E. Keeler instituted this suit against the
city and county of Denver, a municipality, to quiet
title to certain lands in his possession, situate in that
portion of the said municipality which was formerly
the city of Highlands. The trial court found the
issues in favor of the plaintiff, and gave judgment
accordingly. The defendant brings the case here on
appeal.

June 29, 1894, the city of Highlands, a municipal
corporation, by an ordinance duly enacted, levied a
special assessment on the property in controversy, for
its proportionate share of the cost of the construction
of a sanitary sewer in a certain district created in,
and by, said city. No attempt to enforce the collec-
tion of the assessment in any manner was made by the
city of Highlands. July 24, 1896, that municipality
was annexed to, and absorbed by, the city of Denver.
No effort was made by the city of Denver to collect
the said sanitary sewer tax, however, until 1901,
when it certified said assessment to the county treas-
urer for collection. The special tax or sewer assess-
ment remaining unpaid, the county treasurer sold
the lands in question on November 23, 1901, to the
city of Denver and delivered to it a certificate of pur-
chase. The city of Denver subsequently became, and
now is, the city and county of Denver.—Art. 20,
Const.

In 1899 the usual annual levies were made, by the proper authorities, for city, school, county and state taxes, upon the property in question for said year, and were duly certified to the county treasurer for collection. Such taxes remaining unpaid, the property was advertised, and on November 13, 1900, sold for the general taxes of 1899. December 9, 1904, no redemption having been made from this sale, a tax deed of the property was duly issued to the purchaser, who thereafter conveyed the property to the appellee herein.

As to the legality of the proceedings resulting in the tax deed under which appellee claims, and the certificate of sale upon which appellant's rights are based, there is no controversy. It is likewise conceded that the special assessment made by the city of Highlands became, by the act of annexation, an asset of the city of Denver, and whatever power exists to enforce collection thereof was transferred to the latter municipality, and finally vested in the appellant.—Session Laws 1893, § 10, p. 455; § 3, p. 135.

Appellee contends, that the lien created by the city of Highlands by virtue of the assessment levied in 1894 for said sewer construction, was divested, extinguished and annulled by the tax deed issued in December, 1904, based upon the sale in November, 1900, for the nonpayment of the general taxes of 1899.

Appellant, on the contrary, asserts, that when the grantor of appellee received his certificate of sale, and deed based thereon, he took the estate conveyed subject to the right or interest of the appellant, the city and county of Denver, in and to said lands evidenced by the certificate of sale of November, 1901, for the nonpayment of the sewer assessment levied by the city of Highlands in 1894.

The view which we entertain of the matter in controversy, renders it unnecessary to follow counsel in the discussion of the comparative rank of tax liens, and tax titles, created by the state through its several political subdivisions, either for or through general governmental purposes or special assessments. Whether the later tax is always the prior lien, or the general tax superior to a special assessment, is not involved in this case.

The laws of this state have never authorized a city or town to buy in property, at tax sales, for general taxes, though such power is vested in counties.—Mills' Ann. Stats., §§ 3888, 3924w. Nor was the city of Highlands, nor any municipality of its class, ever invested with the power to purchase, or cause to be purchased in its behalf, property sold for the purpose of paying special assessments imposed for local improvements.

The authority to bid in property sold for the non-payment of special assessments for local improvements, exercised by appellant, is given by § 60 of the Session Laws of 1893, p. 224, known as the "Denver Charter."

By invoking the authority granted by this provision, and becoming the purchaser at the sale, the appellant became, and is, bound by all the limitations of the act applicable to such sales. Sec. 32 of said Charter, Session Laws 1893, p. 213, expressly subordinates special assessments to general taxes. That section declares: "All assessments made in pursuance of this article shall be a lien in the several amounts assessed against each lot or tract of land, and shall have priority over all other liens, excepting general taxes."

Having invoked the provisions of the Charter, in order to have the land bid in for the city, the appellant, in legal effect, took, and holds the certificate

of purchase, upon the sale of the land, for the non-payment of the special assessment, as though there, were written in the certificate the words of the statute subordinating such liens to those for general taxes.

Appellee holds under a deed arising from the non-payment of a general tax, levied subsequent to the special assessment under which appellant claims. It is, therefore, clearly evident, that the judgment appealed from is right, and it is, therefore, affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY · concur.